919 F.2d 374
 55 Empl. Prac. Dec. P 40,483, 18 Fed.R.Serv.3d 821,
64 Ed. Law Rep. 362
 ASSOCIATED BUILDERS & CONTRACTORS OF LOUISIANA, INC., et
al., Plaintiffs-Appellees-Cross-Appellants,
v.
The ORLEANS PARISH SCHOOL BOARD, et al.,
Defendants-Appellants-Cross-Appellees.
 No. 89-3775.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 19, 1990.
 
 Marc H. Morial, Lolis Elie, New Orleans, La., for defendants-appellants, cross-appellees.
 Harry A. Rosenberg, M. Nan Alessandra, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for plaintiffs-appellees, cross-appellants.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before JONES, DUHE, and WIENER, Circuit Judges.
 DUHE, Circuit Judge.
 
 
 1
 The Orleans Parish School Board contends that the district court erred in awarding attorney's fees to Associated Builders under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. Sec. 1988 (1982). Alternatively, the school board argues that the court erred in failing to further reduce the fees as excessive. Associated Builders asserts that the court incorrectly excluded certain expenses in calculating the proper award of attorney's fees under the statute. We affirm.
 
 
 2
 In September 1988 Associated Builders sued the Orleans Parish School Board seeking declaratory and injunctive relief against the school board's construction program, which established set-asides for minorities and women in awards of construction contracts. Associated Builders alleged that the program violated the equal protection clause of the fourteenth amendment because it provided these groups with preferential treatment based on race and gender.
 
 
 3
 In January 1989, after obtaining an extension of the normal filing deadlines and after losing on a motion to dismiss, the school board answered. The board denied that its set-aside program was constitutionally impermissible.
 
 
 4
 A few days after the school board filed its answer, the Supreme Court decided City of Richmond v. J.A. Croson Co., 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989). In this seminal decision, the Court invalidated Richmond's set-aside program for minorities and women. It also articulated its general disdain for race- and gender-based preferences.
 
 
 5
 In March 1989 Associated Builders deposed the compliance officer for the school board's set-aside program. One week later, the board announced a ninety-day moratorium in awarding construction contracts. In May 1989 Associated Builders moved for summary judgment on the ground that the school board's preferential construction program was unconstitutional. Arguing that it needed additional time for discovery, the board obtained a continuance of the summary judgment hearing until May 31, 1989.
 
 
 6
 On May 15, 1989, the school board convened a special meeting to repeal its set-aside program. The board explained in the resolution:
 
 
 7
 [T]he Superintendent ... has reviewed the existing Minority/Women Set-Aside Program ... in light of the United States Supreme Court decision [sic] in the Croson and Michigan Road Builders cases, and ... it is in the best interest of the Orleans Parish School Board to repeal the existing program ... in light of pending litigation and to consider alternatives to this program which are consistent with existing State and Federal law.
 
 
 8
 (emphasis added).
 
 
 9
 One day after the meeting, the school board moved to dismiss the pending litigation as moot. The court concluded that the board's repeal of its set-aside program eliminated the need to address Associated Builders' motion for summary judgment and dismissed the case as moot.
 
 
 10
 Six days after the entry of judgment, Associated Builders filed its motion for attorney's fees as a prevailing party under section 1988 of 42 U.S.C. At the hearing, the court considered the evidence adduced by both parties and studied the chronology of events. The judge concluded that Associated Builders was a prevailing party within the context of section 1988 and was entitled to attorney's fees.
 
 
 11
 In accordance with the court's order and with the local rules, Associated Builders submitted a detailed application for attorney's fees. After considering the application in light of the Johnson factors, the court granted about seventy-five percent of the fees requested. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). The court concluded that the hourly rate was reasonable but excluded some specifically identified hours as duplicative or unnecessary.
 
 Prevailing-Party Status Under Section 1988
 
 12
 Only a "prevailing party" in a civil rights action is eligible for an award of attorney's fees under section 1988.[1] Federal courts have firmly established, however, that a civil rights plaintiff may "prevail" in a case that is settled or otherwise becomes moot before the court renders a judgment on the merits. See, e.g., Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866, 877 (1989) (remarking that "at a minimum, to be considered a prevailing party within the meaning of Sec. 1988 the plaintiff must be able to point to a resolution of the dispute" that changes the legal relationship between the parties); Smith v. Robinson, 468 U.S. 992, 1006, 104 S.Ct. 3457, 3465, 82 L.Ed.2d 746, 761 (1984) (asserting that Congress did not intend that a court would lose its broad authority to award attorney's fees merely because the case was settled or otherwise resolved); Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653, 661 (1980) (explaining that "[n]othing in the language of Sec. 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that the plaintiff's rights have been violated"); Savidge v. Fincannon, 836 F.2d 898, 905 (5th Cir.1988) (noting that a plaintiff may prevail "and thus be presumptively entitled to fees" in a case that becomes moot before judgment on the merits).
 
 
 13
 We have held that in the absence of a judgment, a party may be entitled to fees as a prevailing party "if its ends are accomplished as a result of the litigation." Williams v. Leatherbury, 672 F.2d 549, 550 (5th Cir.1982). Thus, a plaintiff must establish two elements: (1) that the goal of the law suit was achieved, and (2) that the suit itself caused the defendant to remedy the discrimination. Savidge, 836 F.2d at 904-05.
 
 
 14
 A plaintiff who successfully shows both these elements has made a prima facie case that it is a prevailing party entitled to attorney's fees. The burden of proof then shifts to the defendant, who can challenge the entitlement only by showing that its conduct was a "wholly gratuitous response to a lawsuit that lacked colorable merit." Hennigan v. Ouachita Parish School Bd., 749 F.2d 1148, 1153 (5th Cir.1985).
 
 
 15
 Associated Builders clearly and undisputably established the first element of its burden of proof. The goal of the law suit--to invalidate the school board's set-aside program--was plainly accomplished. The parties vigorously contest, however, the second element--the requirement of causation. Associated Builders argues that this lawsuit prompted the school board to end its unconstitutional behavior. The school board insists that the Supreme Court's decision in Croson motivated its action.
 
 
 16
 The district court found that the lawsuit was a substantial factor in the school board's decision to repeal its set-aside program. The court correctly considered the chronology of events and effectively explained its reasoning. See Posada v. Lamb County, Texas, 716 F.2d 1066, 1072 (5th Cir.1983).
 
 
 17
 As we have previously observed, the chronology of events is an important consideration because "defendants, on the whole, are usually rather reluctant to concede that the litigation prompted them to mend their ways." Posada, 716 F.2d at 1072 (citing Ramos v. Koebig, 638 F.2d 838, 845 (5th Cir.1981)). In this case, however, the school board's own resolution provided a convincing admission that the litigation played a role in prompting the repeal of the program: "[I]t is in the best interest of the Orleans Parish School Board to repeal the existing program ... in light of pending litigation...."
 
 
 18
 In deciding whether the litigation was a significant catalyst in prompting the board's action, the district court conducted an "intensely factual" inquiry. Posada, 716 F.2d at 1072. We cannot set aside its conclusion unless the evidence leaves us with the firm conviction that the court has made a mistake. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 565, 105 S.Ct. 1504, 1507, 84 L.Ed.2d 518, 522-23 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364, 394-95, 68 S.Ct. 525, 541-42, 92 L.Ed. 746, 765 (1948)). In light of the court's careful analysis of the chronology of events and the board's admission that the lawsuit influenced its conduct, the conclusion is not clearly erroneous.
 
 
 19
 The school board failed to argue that its conduct was " 'a wholly gratuitous response to an action that was itself frivolous or groundless.' " Savidge, 836 F.2d at 904 (quoting Williams, 672 F.2d at 551). It therefore could not have met the burden of proof required to overcome a plaintiff's prima facie case. See Hennigan, 749 F.2d at 1153.
 
 Need for Evidentiary Hearing on Fees
 
 20
 The school board argues that the district court should have conducted a formal evidentiary hearing on the issue of attorney's fees. The board fails to indicate, however, what additional evidence it could possibly provide that it has not already presented to the court in copious documents and evidence appended to them. This profusion of paper includes "Defendants [sic] Opposition and Objections to Plaintiff's Application for Attorneys [sic] Fees, and Memorandum in Support," "Memorandum in Support of Motion to Alter or Amend Judgment," and "Motion to Alter or Amend Judgment."
 
 
 21
 Furthermore, in its assiduous applications to the court, the school board failed to submit the one piece of paper--a request for an evidentiary hearing--that would have allowed it to argue this point on appeal. Instead, it relied on its memorandums and documentary evidence. An evidentiary hearing, therefore, was not mandated. See Curtis v. Bill Hanna Ford, Inc., 822 F.2d 549, 551 (5th Cir.1987); Sorola v. City of Lamesa, Texas, 808 F.2d 435, 437 (5th Cir.1987); King v. McCord, 621 F.2d 205, 206 (5th Cir.1980).
 
 Court's Determination of Fee Amount
 
 22
 When a district court awards a fee pursuant to section 1988 of 42 U.S.C., we review the award only for an abuse of discretion. Hensley v. Eckerhart, 461 U.S. 424, 436-37, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 52-53 (1983); see Johnson, 488 F.2d at 717. This review is possible, however, only if the court "provide[s] a concise but clear explanation for its reasons for the fee award." Hensley, 461 U.S. at 437-39, 103 S.Ct. at 1941-43; see Islamic Center of Miss., Inc. v. City of Starkville, 876 F.2d 465, 468 (5th Cir.1989); Nisby v. Commissioners Court, 798 F.2d 134, 137 (5th Cir.1986).
 
 
 23
 Although we review the total award of fees under the abuse-of-discretion standard, the court also makes subsidiary factual determinations including whether the reported hourly rate is reasonable and whether the reported tasks are duplicative or unrelated to the purposes of the law suit. We uphold these findings of fact unless they are clearly erroneous. See Islamic Center of Miss., Inc., 876 F.2d at 468; Leroy v. City of Houston, 831 F.2d 576, 584 (5th Cir.1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988); Cobb v. Miller, 818 F.2d 1227, 1231 (5th Cir.1987).
 
 
 24
 "A request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. This request has resulted not only in a second major litigation but also in a complicated appeal. We cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award. This tenet is "appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Id.
 
 1. The Reasonableness of the Hourly Rate
 
 25
 The court used the attorneys' customary fees as the relevant hourly rates in calculating the lodestar amounts. The rates were as follows: $175 for one partner, $165 for another partner, and $100 for an associate. These rates were within the prevailing market rates for the community, as shown by evidence submitted by Associated Builders. The court reviewed evidence of hourly rates in other cases and an affidavit regarding the reasonableness of the submitted rates. It therefore used appropriate rates in its initial calculations. See Islamic Center of Miss., 876 F.2d at 469.
 
 
 26
 The school board, however, challenged these hourly rates as unreasonable. As we have explained, "If the opposing party ... urges that the fees be based on a rate lower than the prevailing attorney's usual charge, even though that amount is within the community-accepted range, that party should at least adduce some evidence to support its position that, under the circumstances, the requested rate is not reasonable." Id. The school board submitted evidence that in some cases, all of which were several years old, the rates used were significantly lower than the hourly rates submitted by Associated Builders.
 
 
 27
 The school board again challenged the reasonableness of the hourly rates in its "Motion to Alter or Amend Judgment." Both parties submitted detailed memorandums to support their contentions. The court patiently plowed through an additional thirty-seven pages of documents, which explored hourly rates in every circuit and in every conceivable type of case.
 
 
 28
 We certainly cannot say that the court's findings on this issue are clearly erroneous. When there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. Leroy, 831 F.2d at 580 (citing Anderson, 470 U.S. at 574, 105 S.Ct. at 1512).
 
 
 29
 2. The Reasonableness of the Number of Hours
 
 
 30
 Associated Builders originally sought $47,688.66 in attorney's fees and costs. After examining the Johnson factors, the district court found that some of the hours were excessive. First, it subtracted $6,226.25 from the $8,726.25 in fees for services rendered before Associated Builders filed its complaint. The court based this decision on its "own knowledge, experience, and expertise of the time required to complete similar activities." See Johnson, 488 F.2d at 717. It explained that it excluded these hours because they included time spent conducting preliminary meetings, attempting to join other organizations as defendants, preparing press releases, and participating in client liaison activities.
 
 
 31
 Next, based on further consideration of the Johnson factors, the district court subtracted $6,210 for work that it deemed duplicative. The court identified the specific hours excluded by underlining them on a copy of the plaintiff's itemized billing records. See Hensley, 461 U.S. at 436, 103 S.Ct. at 1941.
 
 
 32
 The district court painstakingly articulated its reasons for reducing the requested fees. It carefully considered the applicable law and correctly provided a concise and clear explanation of its analysis. See Hensley, 461 U.S. at 437, 103 S.Ct. at 1941; Nisby, 798 F.2d at 137; Riddell v. National Democratic Party, 712 F.2d 165, 170 (5th Cir.1983). The court's findings are not clearly erroneous.
 
 
 33
 3. The Reasonableness of Out-of-Pocket Expenses
 
 
 34
 All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client. See International Woodworkers of Am. v. Champion Int'l Corp., 790 F.2d 1174, 1185 (5th Cir.1986); see Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229, 241 (1989). Whether these expenses are reasonable is committed to the sound discretion of the trial judge. Curtis, 822 F.2d at 553; In re Hunt, 754 F.2d 1290, 1294 (5th Cir.1985).
 
 
 35
 The trial judge carefully considered over eighty pages of itemized bills. He excluded some specific hourly charges as excessive but allowed the plaintiff's attorneys to recover the total amount of out-of-pocket expenses. The district court's conclusion that these charges are reasonable is not clearly erroneous. We conclude that there has been no abuse of discretion.
 
 Timeliness of Fee Request
 
 36
 Six days after the entry of judgment, Associated Builders filed its motion for attorney's fees as a prevailing party under section 1988 of 42 U.S.C. In requesting attorney's fees under this section, Associated Builders filed a motion to amend judgment as described in Federal Rule of Civil Procedure 59(e). Rule 59(e) requires that such a motion be filed not later than ten days after the entry of judgment. According to this rule, then, the motion was timely.
 
 
 37
 The Supreme Court and the Fifth Circuit, however, have clearly announced that a motion for attorney's fees under section 1988 of 42 U.S.C. is not a rule 59(e) motion. White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 452-53, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325, 331 (1982); Cruz v. Hauck, 762 F.2d 1230, 1236 (5th Cir.1985). The Supreme Court has declined to address whether postjudgment fee requests should be considered motions for costs under Federal Rules of Civil Procedure 54(d) and 58. White, 455 U.S. at 454 n. 17, 102 S.Ct. at 1168 n. 17. The Court did note that district courts may adopt local rules establishing timelines for filing requests for attorney's fees. Id.
 
 
 38
 This circuit has recently declared that district courts should treat motions for section 1988 attorney's fees as motions for costs under rules 54(d) and 58. Echols v. Parker, 909 F.2d 795, 799 (5th Cir.1990) (citing Knighton v. Watkins, 616 F.2d 795, 797-98 (5th Cir.1980)). Rule 54(d) does not specify a time in which a motion for costs must be made. Fed.R.Civ.P. 54(d); Knighton, 616 F.2d at 798. Local rule 5.04, however, provides:
 
 
 39
 Within five days after receiving notice of entry of judgment, unless otherwise ordered by the Court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the Clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record and stating that the items are correct and that the costs have been necessarily incurred.
 
 
 40
 The issue, then, is whether this local rule applies to a request for attorney's fees treated as a motion for costs under Federal Rules of Civil Procedure 54(d) and 58. We hold that the rule does not apply to requests for attorney's fees.
 
 
 41
 This Court has distinguished between practices governing an award of attorney's fees and practices governing an award of other costs. Knighton v. Watkins, 616 F.2d 795, 798 n. 2 (5th Cir.1980). On one hand, an award of attorney's fees requires the court to use its discretion, considering the request in light of the twelve factors articulated in Johnson. Id.; see Johnson, 488 F.2d at 717-19. On the other hand, an award of other costs permits the clerk of court to perform the largely ministerial function of taxing court costs. Knighton, 616 F.2d at 798 n. 2.
 
 
 42
 In Knighton, we announced that "there is no jurisdictional time limit on the filing of a motion seeking [attorney's] fees" under section 1988. Knighton, 616 F.2d at 798. Furthermore, in that case we concluded that a "district court could, in its discretion, entertain the motion for attorney's fees ... made two months after the entry of the settlement order." Id.
 
 
 43
 In this case, Associated Builders filed its motion six days after the court's judgment was entered. In the absence of a local rule explicitly governing requests for section 1988 fees, we hold that the district court could, in its discretion, consider a request for such fees filed six days after the entry of judgment.
 
 Conclusion
 
 44
 We therefore hold that the finding that Associated Builders was a prevailing party within the meaning of section 1988 was not clearly erroneous. Furthermore, we hold that the district court did not abuse its discretion in awarding attorney's fees under that section. Finally, we conclude that the court acted within its discretion in considering Associated Builders' motion for attorney's fees under section 1988 because this motion was not governed by the strict five-day time limit in local rule 5.04.
 
 
 45
 The district court's judgment is AFFIRMED.
 
 
 
 [1]
 This section provides, in pertinent part:
 In any [civil-rights] action or proceeding ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 42 U.S.C. Sec. 1988 (1982).