# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――――

No. 98-50583

―――――――――

AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, LOCAL 59, DARIA
BAEZA, DELORES ESTORGA, JUANITA ANAYA,
GUADALUPE VALDEZ and PEDRO ARAUJO, JR.,

Plaintiffs-Appellants,

versus

THE EL PASO CITY/COUNTY HEALTH DISTRICT,

Defendant-Appellee.

―――――――――

Appeal from the United States District Court
for the Western District of Texas
(EP-96-CV-249-F)

―――――――――

September 29, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and COBB,[1]* District Judge.

COBB, District Judge.[2]

Appellants, six employees of the El Paso City/County Health District [Health District], brought suit under the Americans with Disabilities Act against their employer. In addition their union, the American Federation of State, County and Municipal Employees, Local 59 [American Federation], sought a declaratory judgment against the Health District. The individual claims were tried to a jury which found that none of the employees were disabled or subjected to discrimination. The district court denied appellants' timely submitted motion for judgment as a matter of law and their motion for a new trial. The district court also denied the union's action for a declaratory judgment that the Health District's employment policies violated the ADA. The court held that since

―――――――――

[1] * District Judge of the Eastern District of Texas, sitting by designation.

[2] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

the Health District had recently adopted a policy which complied with the ADA, a declaratory judgment was no longer necessary. All plaintiffs then timely appealed. With a single exception, we affirm the district court on all issues. We reverse only the district court's holding that appellants were not prevailing parties and remand for determination of reasonable attorney's fees to compensate counsel, to the extent they have succeeded in one of the main objectives of their suit.

I.

Appellants Guadalupe Valdez, Delores Estorga, Daria Baeza and Juanita Anaya brought claims of disability discrimination alleging that the Health District had a policy of automatically excluding any impaired employee from work in violation of the Americans with Disabilities Act [ADA] 42 U.S.C. § 12101, *et seq*. Appellant Pedro Araujo brought suit under 42 U.S.C. §1983 claiming violations of the grievance and hearing requirements of Title II of the ADA as defined in 28 C.F.R. § 35.107(b).

Araujo's §1983 claim was dismissed and the remaining claims were tried to the jury. The jury found in the special interrogatories that all individual plaintiffs were qualified for their jobs, and that none were disabled or suffered from discrimination on the basis of disability.

After the verdict was entered, appellants moved to renew their motion for judgment as a matter of law made at trial. They also moved for a new trial alleging that the verdict was against the great weight of the evidence and that new evidence had been discovered which would affect the outcome of the case. In their motion, the appellants also contended that the court had failed to find that appellants were prevailing parties despite appellee's apparent change of policy discussed below.

Pursuant to 28 U.S.C. § 2201, American Federation, in its representational capacity, sought declaratory judgment that the appellee's policy of prohibiting injured and disabled employees from working unless they had full-duty medical releases violated the ADA. American Federation also sought declaratory judgment that appellee has a legal obligation to provide employees a grievance hearing by which employees may address conduct of the Health District which violates the ADA. Under the Health District's past policy, employees with impairments were prohibited from working in the absence of a "full duty" medical release. The existence of the full duty plan was admitted in defendant's first amended answer and this stipulation was introduced at trial. [3] The district court

---

[3] In describing the "full duty" rule, Donna Seward, the Chief of Health District's Women, Infant and Children (W.I. C.) Division, stated that "when a District employee returns to work from an injury-related leave, but is medically restricted in his essential job functions, the District must require a full medical release." The Health District's "full-duty" policy is further described in a Memorandum from the Health District's Personnel Officer to all Division Chiefs. This memorandum explains that an employee can only work outside of his or her job description for a maximum of 30 days. The memo further directs that employees "who are released to duty with restrictions . . . may be allowed to return to work only if they can perform the essential duties of their job, or if/when the Division Chief determines that the employee can reasonably be expected to be released . . . to full duty within 30 days." If an employee does not obtain a

subsequently found that appellee adopted a new ADA compliant policy while this litigation was pending.[4] Prospective relief through a declaratory judgment no longer being necessary, was denied.

II.

Individual appellants, Daria Baeza, Delores Estorga, Juanita Anaya and Guadalupe Valdez seek review of the district court's denial of their Renewed Motion for Judgment as a Matter of Law and, in the Alternative, New Trial, in which they contend that the full duty policy violated the ADA by failing to provide for the individual assessment and accommodation of disabled employees. Individual appellant Pedro Araujo seeks review of the trial court's dismissal of his claim under 42 U.S.C. § 1983 which sought damages for the intentional deprivation of procedural rights secured by the ADA. American Federation seeks review of the trial court's denial of declaratory judgment.

A.

In evaluating the denial of a motion for judgment as a matter of law, the standard of review is *de novo*. *Travis v. Board of Regents of Univ. of Texas*, 122 F.3d 259, 263 (5th Cir. 1997). Such a motion should only be granted when, after considering all the evidence in the light most favorable to the non-moving party, the evidence is so overwhelming that reasonable men could arrive at only one verdict. *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc) (overruled in part on other grounds by *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc)). A denial of a motion for new trial is reviewable for abuse of discretion. *Marcel v. Placid Oil Co.*, 11 F.3d 563 (5th Cir. 1994).

Under this standard of review, the issue before us is whether a reasonable jury could have concluded that appellants were not disabled. To prevail on appeal, appellant must show that the jury's verdict was against the great weight and preponderance of the evidence.

Appellants argue that the evidence at trial established that appellee had a policy amounting to a *per se* violation of the ADA. They further assert that they were protected under the ADA because their employer treated or regarded them as having disabilities. Appellants claim their employer treated them as disabled in that they were impaired in their ability to work -- a major life activity.

The Supreme Court addressed the definition of disability in two cases this past term. In *Sutton v. United Airlines*, 119 S.Ct. 2139 (1999), the Court construed major life activity to include working only in narrow circumstances: "one must be precluded from more than one type of job, a

_____

full-duty release within 29 days of returning to work he or she "will be released to workers compensation status on the 30th day."

[4] The new policy was articulated in an affidavit submitted in response to the court's July 15, 1997 Show Cause order.

specialized job, or a particular job of choice." *Id.* at 2155. In *Murphy v. UPS*, 119 S.Ct. 2133 (1999), the Court held that "a person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Id.* at 2135.

Under these standards of disability there was ample evidence on which the jury might base its verdict that the impairments described by appellants did not rise to the standard of protected disability. The district court did not err in denying the motion for judgment as a matter of law. Nor did the court abuse its discretion in holding that the affidavit submitted pursuant to the show cause order was not newly discovered evidence sufficient to justify a new trial.

Appellants argue in the alternative that they need not be disabled to bring their claims. They urge us to create a cause o f action for nondisabled individuals to bring suit under the ADA citing *Armstrong v. Turner Industries, Inc.*, 141 F.3d 554 (5th Cir. 1998) and *Griffin v. Steeltek*, 160 F.3d 591 (10th Cir. 1998). We do not address today whether non-disabled plaintiffs are generally permitted or prohibited from bringing suits under the ADA. Rather, we note that the claims actually brought by individual plaintiffs in this suit require a showing of disability to establish a *prima facie* case and that the jury had sufficient evidence to find that plaintiffs were not disabled. *See Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755 (5th Cir. 1996).

The individual appellants could not demonstrate disability and therefore could not sustain their claims. Similarly, since appellant Araujo was unable to establish a prima facie case under §1983, the court did not err in dismissing his claim.

B.

Appellant also requests reversal of the district court's denial of his motion for declaratory judgment. The statute authorizing declaratory judgments uses permissive, not mandatory, language. 28 U.S.C. § 2201. Whet her and when to issue a declaratory judgment is at the discretion of the district court. *Winton v. Seven Falls Co.,* 41 F.3d 934 (5th Cir. 1994), *aff'd*, 515 U.S. 277 (1995). The standard of review for motions for declaratory judgment is abuse of discretion. *Id.*

The district court did not abuse its discretion since the request for relief was mooted by appellees' voluntary compliance with the requirements of the ADA. Whatever the legal implications of the Health District employment practice may have been, the policy submitted by affidavit to the court fully complies with the requirements of the ADA. Declaratory judgments offer strictly prospective relief, and, in light of the amended policy, there is no danger of future harm. The requirement of immediate or threatened injury cannot now be met.

C.

Although the district court did not err in denying claims for damages and declaratory relief, it did err in refusing to hold that appellants were prevailing parties. In *Pembroke v. Wood County*,

981 F.2d 225 (5th Cir. 1993) this court held in similar circumstances, that attorney's fees are available under 42 U.S.C. § 1988 notwithstanding a failure to obtain any declaratory or monetary relief.[5] Regarding the issue of prevailing party status, we are bound by Judge Wisdom's opinion.[6]

In *Pembroke* we held that a plaintiff is entitled to prevailing party status if he establishes two elements: (1) that one of the primary goals of the law suit was achieved, and (2) that the suit itself caused the defendant to remedy the complained of conditions. 981 F.2d at 230. If the plaintiff can make this *prima facie* showing, the burden shifts to the defendant to show that its conduct was "wholly gratuitous." *Id.* (citing *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board*, 919 F.2d 374 (5th Cir. 1990)). Causation is a question of fact reviewed for clear error. *Id.*

In this case, it is clear that as a result of bringing suit and rigorously pursuing their claims, appellants achieved one of the goals of their litigation. The district court held as much and erred only in not recognizing that this achievement entitles appellants to prevailing party status and attorney's fees. In its order dated May 15, 1998, the district court noted that the goals of American Federation had been met completely because the Health District's new policy complied with the ADA. Moreover, the district court held that the Health District must comply with its new policy in order to fully comply with the terms of the ADA.

It is clear from the record that the policy change was forcibly extracted from the Health District by the pressure of the suit. Although appellants did not receive a judgment, they fully accomplished one of their main objectives. Appellants are entitled to prevailing party status because the change in policy and order requiring future compliance with those changes served to "materially alter the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Estate of Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 113 S. Ct. at 573, 121 L. Ed.2d 494 (1992).

---

[5] The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, was modeled after the attorney's fee provisions of the 1964 Civil Rights Act, including 42 U.S.C. § 2000e-5(k). *See* S. Rep. No. 94-1011, 94th Cong. 2d Sess. 5, *reprinted in* (1976) U.S. Code Cong. & Admin. News, pp. 5908, 5912. The two provisions are thus treated identically. *Shipes v. Trinity Industries*, 883 F.2d 339 n. 3 (5th Cir. 1989).

[6] *Pembroke* concerned a class action challenging jail conditions. Before the suit came to trial, a prison administrator instituted a total reform of the jail facility which corrected nearly all of the complained of conditions. Further, the district court found that there was no threat that these types of conditions would arise in the future and thus they did not pose a continuing threat of harm to the class members. As a result the court denied as moot appellants claims for declaratory judgment and refused to award attorney's fees on the ground that appellants were not a prevailing party. On appeal this court affirmed the dismissal of the request for declaratory judgment as moot, but reversed on the issue of prevailing party status and remanded for the determination and award of fees. 981 F.2d 225, 230-31.

It should be noted that *Pembroke* distinguished its holding from *Farrar*. *Farrar* held that technical success on the merits such as an award of nominal damages is sufficient to support prevailing party status, but where the quantum of success is negligible, zero dollars may be a reasonable fee.[7]  In finding prevailing party status in *Pembroke*, Judge Wisdom reasoned that "[u]nlike *Farrar*, changes in the legal relationship between the plaintiffs and defendants in this case were wrought by the bringing of the litigation itself, not with recovery of monetary damages.  Thus, although the plaintiffs received no monetary award, they are still entitled to an award of reasonable attorney's fees." 981 F.2d at 231.

These opinions are harmonious in that they both look to the actual result of the litigation in the relationship between the parties to assess prevailing party status.  The reasoning in *Pembroke* controls here since appellants prevailed in obtaining prospective relief.  Appellants are entitled to attorney's fees to the extent they obtained one of the goals of their litigation, but not for the expense of litigating claims which were ultimately unsuccessful.  We REVERSE the district court's denial of prevailing party status and REMAND for the district court for the sole purpose to award the appellants reasonable attorney's fees and costs incurred in obtaining a change of defendant's policy.  The judgment of the district court is in all other respects AFFIRMED.

---

[7]  In *Farrar*, plaintiff claimed damages of  seventeen million dollars and received a total of one dollar from the jury.

EMILIO M. GARZA, dissenting in part:

I respectfully dissent from the majority's decision to reverse the district court's ruling on attorney's fees. The majority concludes that the district court erred in finding that the plaintiffs were not "prevailing parties" for purposes of attorneys' fees under 42 U.S.C. § 1988. However, the plaintiffs never raised this issue on appeal. Their briefs do not even mention the district court's attorney's fees ruling, must less articulate any grounds for reversal. *See* FED. R. APP. P. 28(a)(9) (providing that an appellant's brief must contain the "appellant's contentions and the reasons for them"). Because the appellants failed to properly raise this issue, we should not address it on appeal. *See Trust Co. of La. V. N.N.P., Inc.*, 104 F.3d 1478, 1485 (5th Cir. 1997)("[C]ontentions not briefed are waived and will not be considered on appeal."). Accordingly, I would affirm the district court in its entirety.