**John HEATH, et al.,
Plaintiffs–Appellees,**

v.

**Chief A.J. BROWN, et al., Defendants,**

**City of Fort Worth, Texas, Lee R. Caughron, and J.D. Tywater,
Defendants–Appellants.**

**No. 87–1904
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1988.

Richard E. Henderson, Karen Anderson, Asst. City Attys., Ft. Worth, Tex., for defendants-appellants.

Don Gladden, Ft. Worth, Tex., for plaintiffs-appellees.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

The district court's finding after remand, *Heath v. Brown*, 807 F.2d 1229 (5th Cir. 1987), that the filing of plaintiffs' 42 U.S.C. § 1983 lawsuit was a substantial factor or significant catalyst in the abandonment of a policy which had been challenged as unconstitutional,[1] is now before us for review. Defendants-appellants contend that the trial court's finding is clearly erroneous. After reviewing the record we conclude otherwise and affirm.

This case is before us for the third time. *See Heath v. Brown*, 807 F.2d 1229 (5th Cir.1987); and 688 F.2d 837 (5th Cir.1982)

---

1. Plaintiffs challenged the Fort Worth Police Department's policy of enforcing the Texas "Failure to Identify" law, Tex.Penal Code Ann. § 38.02 (Vernon 1974), which requires a person lawfully stopped by a peace officer to report his name and residence. Plaintiffs identified themselves but could not produce proof of residence.

(unpublished). The facts are set forth in our earlier opinion, 807 F.2d at 1230–32, and need not be repeated.

■ Appellants advance two arguments: (1) plaintiffs did not prove that the filing of their lawsuit was a substantial factor or significant catalyst in the decision by the Fort Worth authorities to change an unconstitutional policy; and (2) plaintiffs were not the prevailing parties because they withdrew their claim for damages under § 1983, and their demands for declaratory and injunctive relief were denied. Neither contention has merit. As to the latter, the law of the case is that the plaintiffs are to be considered prevailing parties if their lawsuit was "a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." *Heath*, 807 F.2d at 1233. That issue is foreclosed; only the causation issue remains.

Appellants' contention that the evidence does not support the district court's causation finding is based on a dual premise: (1) plaintiffs did not satisfy the burden of proof; and (2) the court erroneously shifted the burden of proof to the defendants. Neither argument is persuasive.

When remanding this case we are reminded that causation is a question of fact and stated that "the district court's answer will stand on appeal unless clearly erroneous." *Heath*, 807 F.2d at 1234 (citation omitted). Under the clearly erroneous standard the trial court's finding of fact will not be disturbed unless, after reviewing the entire record, we are "left with the definite and firm conviction that a mistake has been committed." *Campos v. City of Baytown*, 840 F.2d 1240, 1243 (5th Cir. 1988) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985), and *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). And as the Supreme Court instructed:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though

convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. City of Bessemer City*, 470 U.S. at 573–74, 105 S.Ct. at 1511 (citations omitted).

■ Appellants argue that the testimony of certain police officers is contrary to the court's factual finding. For example, they claim that Chief A.J. Brown directly refuted the court's findings. A review of the record, however, reflects that Chief Brown's most definitive testimony states merely that he was "just not sure that there was any relationship [between] this lawsuit" and the change in the City's policy. This vague comment cannot be characterized as contrary to the court's finding of a significant relationship between the litigation and the change in the challenged policy. Much of the other testimony is similarly inconclusive.

When reviewing findings of fact we are mindful of the trial judge's privilege of accepting all, part, or none of any witness's testimony. When findings are based on credibility evaluations the deference paid to decisions by the trier-of-fact is enhanced. *Anderson*, 470 U.S. at 575, 105 S.Ct. at 1512. Following *Anderson* we held:

> If the factual determinations are based on determinations of the witnesses' credibility, or on reasonable interpretation or inferences from the testimony or other evidence, the district court's findings cannot be clearly erroneous.

*Campos*, 840 F.2d at 1243–44 (citation omitted).

We have noted that "[c]lues to the provocative effects of the plaintiffs' legal efforts are often best gleaned from the chronology of events: defendants, on the whole, are usually rather reluctant to concede that the litigation prompted them to mend their ways." *Posada v. Lamb County, Texas*, 716 F.2d 1066, 1072 (5th Cir. 1983) (citations omitted). The district court found the chronology of events—arrests of plaintiffs, filing of lawsuit, change in poli-

cy—to be relevant to the causation inquiry. We are persuaded that the district court made a reasonable inference based upon the total record.

■ Nor is there any merit in the claim that the district court erroneously shifted the burden of proof to the defendants. The court *a quo* specifically recognized that "[t]he burden is, of course, on the Plaintiffs to show by a preponderance of the evidence that the policy change was brought about, in significant part, by this litigation."

Appellants maintain that the district court's statement that "[e]fforts to develop the reason for the change [of policy] were thwarted by the Defendants' ... attorney-client privilege" indicates that the court erroneously shifted the burden of proof. The record reflects, however, that the defendants were not penalized for invoking the privilege; the court merely observed that their actions hindered plaintiffs' efforts to gather and offer evidence. Noting the absence of any other explanation for the change in policy was merely one link in the district court's inferential chain leading to the ultimate factual finding. "If the factual determinations are based on ... inferences from the testimony or other evidence, the district court's findings cannot be clearly erroneous." *Campos*, 840 F.2d at 1243. Thus, this court may reject the district court's factual findings only upon a definite and firm conviction that a mistake has been made. Upon completion of our review of this record we have no such conviction.

The judgment of the district court is AFFIRMED.