**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30607
Summary Calendar

THE TIMES-PICAYUNE PUBLISHING CORPORATION,

Plaintiff-Appellant,

VERSUS

CITY OF NEW ORLEANS; THE NEW ORLEANS HUMAN RELATIONS
COMMISSION; BILL BOWERS, in his official capacity as
Executive Director of the Human Relations Commission,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-518 N)
November 17, 1995

Before THORNBERRY, GARWOOD, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The Times-Picayune Publishing Corporation (the "Times-Picayune") appeals the

district court's denial of attorneys' fees after its 42 U.S.C. § 1983 action was dismissed.

We affirm.

Background

This suit arose from a charge of discrimination by two New Orleans women who had

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

attempted to have an announcement of their commitment ceremony published in the Times-Picayune. On February 6, 1995, after the newspaper declined to publish the announcement, the women filed a complaint with the New Orleans Human Relations Commission (the "Commission"). That same day the Commission received notice of the complaint and was given five days to respond. After a series of communications between the parties (in which the Commission allowed more time for the response), the Times-Picayune filed its § 1983 suit against the Commission, alleging that any investigation of the allegations in the February 6, 1995, complaint would violate the paper's First and Fourteenth Amendment rights.

On February 16, 1995, the district court granted the Times-Picayune's request for a temporary restraining order and scheduled a hearing on its request for a permanent injunction. However, on February 21, 1995, the complainants withdrew the charge of discrimination, thereby mooting the lawsuit, and on March 1, 1995, the district court *sua sponte* dismissed it. The court also dismissed the Times-Picayune's request for $15,000 in attorneys' fees and $900 in costs under 42 U.S.C. § 1988. The district court found the Times-Picayune was not a prevailing party as required by § 1988. The court further found that even if the Times-Picayune had been a prevailing party, the circumstances of the case would make it unjust for attorneys' fees to be paid by the defendants.

Discussion

The district court's denial of attorneys' fees is reviewed for an abuse of discretion. *See* Longden v. Sunderman, 979 F.2d 1095, 1100 (5th Cir. 1992). Only "prevailing parties" may recover under § 1988(b). Farrar v. Hobby, 113 S.Ct. 566, 572 (1992). "[A] plaintiff `prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 573

While the dismissal of the suit does not necessarily bar a party's claim under § 1988, in order for the Times-Picayune to be entitled to attorneys' fees the suit must be a

2

substantial factor or a significant catalyst in resolving the dispute. Watkins v. Fordice, 7 F.3d 453, 456 (5th Cir. 1995). To make out a *prima facie* case of prevailing-party status under these circumstances, the Times-Picayune must show: 1) the goals of the lawsuit were achieved, and; 2) the suit caused the defendants to remedy the discrimination. *Ibid*. Causation is not shown by the mere fact that the event occurred after suit was filed, but is a question of fact which is reviewed for clear error. Pembroke v. Wood County, Tex., 981 F.2d 225, 230 (5th Cir.), *cert. denied*, 113 S.Ct. 2965 (1993).

The Times-Picayune argues that while certain issues pertinent to the prevailing party status are primarily factual in nature and thus reviewed under the clearly erroneous standard, the ultimate determination whether it is a prevailing party under § 1988 is a question of law subject to *de novo* review. The Times-Picayune *concedes* the issue of whether the filing of the lawsuit was a substantial factor in accomplishing its ends is subject to the clearly erroneous standard.

The district court found that although the Times-Picayune had received the relief it sought by commencing the suit, and thus had satisfied the first element of the prevailing-party status, it was not a prevailing party under § 1988 because the suit was not a substantial factor in bringing about the requested relief. The court made factual findings in reaching this determination. Most significantly, the court found that rather than consulting with the Commission about whether it had reached a conclusion regarding the legality of its investigation, or when it might reach such a decision, the Times-Picayune filed the instant suit. The court made the following relevant findings:

> From the beginning, the Commission's counsel indicated that the Commission would most probably drop the complaint if the paper asserted its first amendment rights. Rather than asserting its rights and giving the Commission time to do what it promised it would "most probably" do, the paper somehow incurred over $15,000 in attorneys' fees and court costs to force the Commission to dismiss the Charge at once. It could have reached the same result -- albeit perhaps a week or two later -- simply by informing the Commission that the paper was relying on its first amendment rights in refusing to respond to the Commission's request for information.

The district court's determination that the Times-Picayune's suit was not a substantial factor in the Commission's decision not to proceed with the charge is supported

3

by the record and is not clearly erroneous.  Pembroke, 981 F.2d at 230; *See* Williams v. Fab-Con, Inc., 990 F.2d 228, 230 (5th Cir. 1993).  The district court did not abuse its discretion in denying the request for attorneys' fees.[1]

AFFIRMED.

---

[1]  Because we hold the district court did not err in determining that the Times-Picayune was not a prevailing party, we need not consider whether, as the district court suggested, that, even if the Times-Picayune were a prevailing party for purposes of § 1988, special circumstances would have rendered it unjust for the court to compel the defendants to pay for attorneys' fees.  *See* Kirchberg v. Feenstra, 708 F.2d 991, 995 (5th Cir. 1983).