IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10597
Summary Calendar
_____

ROGER EUGENE GRESHAM

                Plaintiff - Appellant

        v.

KATHLEEN M. HAWK, Director of Bureau of Prisons
in her individual and official capacity; BOB GUZIK,
Warden, FMC Forth Worth in his individual and official
capacity; A. DAVIS, Associate Warden in his individual
and official capacity; V. HAUSLER, Food Administrator
in his individual and official capacity; J. JONES,
Assistant Food Administrator in his individual and
official capacity; D. CASHEN, Assistant Food
Administrator in his individual and official capacity

                Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-577-L
--------------------
December 4, 2000

Before KING, Chief Judge, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Roger Eugene Gresham, federal prisoner number 29072-077,

appeals from the dismissal of his civil rights complaint as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Finding

no error, we affirm.

_____

    [*] Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

Gresham, who proceeded pro se and in forma pauperis in the district court, argues that he was not required to specifically plead a manifestation of physical injury in his complaint alleging that the kitchen at FMC Fort Worth was infested with vermin and operated under unsanitary conditions. It is clear, however, that the Prison Litigation Reform Act requires a prisoner to make a showing of a physical injury to support a claim for emotional or mental damages. See 42 U.S.C. § 1997e(e); Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Gresham also argues that he may seek declaratory relief prior to actual harm occurring. Gresham is no longer incarcerated at FMC Forth Worth. His transfer from that facility renders moot any claims for declaratory or injunctive relief. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000); Pembroke v. Wood County, Texas, 981 F.2d 225, 228 (5th Cir. 1993).

Finally, Gresham asserts that his complaint should not have been dismissed with prejudice, rather than without prejudice, without giving him an opportunity to file an amended complaint. We find that the district court did not abuse its discretion by dismissing the complaint with prejudice. See Eason v. Thaler, 14 F.3d 8, 9 n.5 (5th Cir. 1994).

AFFIRMED.