**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-10543
_____


DANETTE HOPE GROS; EDITH D. SIKES,

Plaintiffs-Appellants,

versus


CITY OF GRAND PRAIRIE, TEXAS; HARRY L. CRUM; RICHARD L. BENDER

Defendants-Appellees.


_____

Appeals from the United States District Court
for the Northern District of Texas - Dallas Division
(3:96-CV-2897-D)
_____
March 12, 2002


Before JONES, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Danette Hope Gros and Edith D. Sikes (collectively, "Appellants") brought 42 U.S.C. § 1983 claims against the City of Grand Prairie, Texas, Harry Crum, the Chief of the City of Grand Prairie Police Department, and Lt. Bender, the officer in charge of the Grand Prairie Police Department's Internal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Affairs Department (collectively, "Appellees") for the alleged violation of Appellants' constitutional rights by one Officer Rogers of the Grand Prairie Police Department.[1] The action followed a circuitous course through the district and appellate courts, the net result of which was summary judgment dismissal with prejudice of all of Appellants' claims against Appellees, and an assessment of Appellees' costs against Appellants pursuant to Federal Rule of Civil Procedure 54(d). Appellants now appeal the award of costs to Appellees, and seek costs and attorneys' fees for themselves. We affirm the award of costs to Appellees and the denial of Appellants' request for costs and attorneys' fees.

## I. Proceedings

In January 2001, the district court entered its order dismissing with prejudice all of Appellants' remaining claims against Appellees not previously dismissed, and "ordered and adjudged that...defendants' taxable costs of court...are assessed against plaintiffs." After Appellants filed their first motion for reconsideration of the court's award of costs and objections to Appellees' bill of costs in February 2001, the district court denied the request for reconsideration but referred Appellants' bill-of-costs objections to a magistrate judge for determination,

_____

[1] Appellants also brought claims against Officer Rogers, but he is not an Appellee in this appeal. For a full recitation of the facts of the underlying § 1983 action, see Gros v. City of Grand Prairie, 209 F.3d 431, 432-33 (5th Cir. 2000).

pursuant to 28 U.S.C. § 636(b)(1)(A).  After briefing was complete, the magistrate judge issued a March 2001 Memorandum Opinion and Order[2] reducing the bill of costs by some $2,100, and leaving approximately $13,600 assessed against Appellants.  Appellants next filed a supplemental request for reconsideration of the award of costs, coupled with their first motion for attorneys' fees and costs.  Both the supplemental request for reconsideration and the first motion for attorneys' fees and costs were denied by the magistrate judge in April 2001.  Appellants now appeal those denials.

## II.  Analysis

A. Standard of Review

A district court's denial or award of costs,[3] and such court's award of attorneys' fees in a § 1983 suit,[4] are reviewed for abuse of discretion.  Appellees contend, as a threshold matter, that we should review the award of costs in this case for plain error because Appellants did not file written objections to the magistrate judge's orders, as required under 28 U.S.C. § 636(b). We conclude that we need not resolve this dispute, however:  Our

---

[2] Gros v. City of Grand Prairie, 2001 WL 276899 (N.D. Tex. Mar. 19, 2001).

[3] Dickerson v. United States, 2002 WL 58866, at *4 (5th Cir. 2002).

[4] Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000).

review satisfies us that the result would be the same under either standard.

## B. Discussion

### 1.    Award of Costs

Federal Rule of Civil Procedure 54(d)(1) ("FRCP 54(d)(1)") provides, in relevant part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs....

Although there is such an express statutory provision regarding § 1983 claims,[5] that provision pertains to attorneys' fees, not "costs other than attorneys' fees."  The general rule of FRCP 54(d)(1) applies to this case.

Appellants argue that in § 1983 cases, attorneys' fees are awarded to prevailing defendants "only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless,"[6] and that the award of costs to defendants in the instant case is a "de facto award of [attorneys'] fees to a prevailing defendant in a meritorious lawsuit."  Although there is ample support in our jurisprudence for Appellants' initial proposition (that prevailing

---

[5] 42 U.S.C. § 1988.

[6] Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000) (quoting Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999)).

defendants in a § 1983 case will be awarded attorneys' fees pursuant to 42 U.S.C. § 1988 only when the plaintiff's underlying claim is frivolous, unreasonable, or groundless), we are cited to none to support their novel "de facto award of attorneys' fees" theory, and we are independently aware of no such support. Without the underlying premise establishing a congruence between this award of costs and an award of attorneys' fees, Appellants' arguments borrowing from attorneys' fees jurisprudence must fail.[7]

Reviewing the award of costs for reversible error, then, we find none. FRCP 54(d)(1) authorizes the court to award costs to the prevailing party; Appellees prevailed at the summary judgment phase of this action, and the district court assessed their costs against Appellants accordingly. Appellees presented an itemized bill of costs, which Appellants had the opportunity to review and to which Appellants submitted their objections. Appellants' objections were given thorough consideration, as evidenced by the magistrate judge's substantial Memorandum Opinion and Order, in which many of Appellants' objections were actually ratified. The only thing that Appellants can complain of, then, is that the court awarded costs to defendants at all. Aside from their unsuccessful

---

[7] Appellants argue, for example, that their claims were not frivolous, unreasonable, or groundless. They also rely on jurisprudence in support of the proposition that attorneys' fees are not generally awarded to defendants in § 1983 claims, lest they "chill the efforts of future plaintiffs to redress civil rights violations." These arguments would be relevant if attorneys' fees were at issue, but, lacking the valid analogy between costs and attorneys' fees, the arguments fail here.

attempt to recast this award of costs as an award of attorneys' fees, Appellants offer no valid reason why the court should have deviated from the general rule in this case. In any event, the court certainly did not err reversibly by adhering to the general rule. We therefore affirm the district court's award of costs to the Appellees, as well as the magistrate judge's refusal to consider Appellants' supplemental request for reconsideration of that award.

2.   Appellants' Request for Costs and Attorneys' Fees

Appellants argue that the magistrate judge "abused her discretion by not awarding [them] all costs, including attorneys' fees," because their § 1983 action was "the catalyst for change and correction of the egregious civil rights violations prevalent within the city's police department." As such, contend Appellants, they should be classified as the "prevailing party" under FRCP 54(d)(1) (for costs) and under 28 U.S.C. § 1988 (for attorneys' fees). In particular, Appellants argue that their lawsuit was the catalyst for "the removal of Officer Rogers [the officer who allegedly violated their constitutional rights] and the resignation of [Police Chief] Crum [Rogers's supervisor]." These events, assert Appellants, "likely set the stage for significant departmental changes."

In <u>Farrar v. Hobby</u>,[8] the U.S. Supreme Court explained:

> [T]o qualify as a prevailing party, <u>a civil rights plaintiff must obtain at least some relief on the merits of his claim</u>.  The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement.  Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement.  Otherwise the judgment or settlement cannot be said to affec[t] the behavior of the defendant toward the plaintiff.  Only under these circumstances can civil rights litigation effect the material alteration of the legal relationship of the parties and thereby  transform the plaintiff into a prevailing party.  In short, <u>a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff</u>.[9]

Despite this clear pronouncement by the Court, Appellants press their "catalyst theory," and urge that we consider them to be "prevailing parties."  Appellants pursue this path despite the fact that all their claims against Appellees were dismissed with prejudice at the summary judgment stage.  Appellants presumably do so because they "(1) ... obtained the relief [that they] sought, and (2) ... the suit itself caused the [Appellees] to alter [their] conduct."[10]  Appellants point to other cases in which the plaintiffs were deemed prevailing parties because they had achieved the objective of their suit despite their lack of success in the

---

[8] 506 U.S. 103 (1992).

[9] <u>Farrar</u>, 506 U.S. 111-12 (internal citations and quotation marks omitted) (emphasis added).

[10] For these elements, Appellants cite <u>Pembroke v. Wood County, Tex.</u>, 981 F.2d 225, 231 n.27 (5th Cir. 1993).

7

courtroom.[11]

Appellees raise several valid objections to these arguments: (1) Appellants offer nothing more than conclusional statements that this lawsuit was the catalyst for any changes implemented by the Grand Prairie Police Department (in fact, the alleged perpetrator, Officer Rogers, was terminated before the suit was filed, and, according to Appellees, Appellants know that Chief Crum retired from his position of his own volition for reasons not connected to this lawsuit); (2) there is no indication that Appellants' objective in filing suit was to improve the police department's policies for the good of the community (Appellants' complaint asked only for compensatory damages, punitive damages, costs, and attorneys' fees for themselves alone); and (3), perhaps most compellingly, the U.S. Supreme Court has recently expressed disapproval of the "catalyst-theory" approach to according "prevailing party" status to a party, when the Court considered claims brought under the Fair Housing Amendments Act ("FHAA") and the American with Disabilities Act ("ADA").[12]

We need not settle today how or whether the Supreme Court's recent pronouncement in the context of FHAA and ADA claims applies to the instant case. It suffices for present purposes that

---

[11] See, e.g., Hopwood v. Texas, 236 F.3d 256 (5th Cir. 2000); Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir. 1978).

[12] Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health & Human Resources, 121 S.Ct. 1835 (2001).

Appellants have not produced sufficient evidence that they obtained the results that they sought when bringing this suit, to persuade us that the district court committed any reversible error in <u>not</u> treating them as the prevailing parties and awarding them attorneys' fees or costs as such. We therefore hold that neither the magistrate judge nor the district court committed reversible error in refusing to award the Appellants attorneys' fees.

## III. Summary

It was not reversible error to award the prevailing Appellees costs pursuant to FRCP 54(d)(1). Neither was it error to refuse to deem Appellants the prevailing parties and award costs and attorneys' fees to them, under either FRCP 54(d)(1) or 28 U.S.C. § 1988: As a matter of law, they did not prevail. The award of costs to Appellees and the denial of the Appellants' motion for costs and attorneys' fees are
AFFIRMED.