# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2022

Lyle W. Cayce
Clerk

No. 21-10617

Kyle Damond Jones,

*Plaintiff—Appellant*,

*versus*

Dallas County,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-37

Before Stewart, Elrod, and Graves, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:*

Kyle Damond Jones, a pretrial detainee, brings a due process claim to challenge Dallas County's practice of failing to house pretrial detainees separately from convicted detainees. The district court screened Jones's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed his due process claim because Jones "has no liberty interest in being housed at a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

particular facility." We conclude, however, Jones has sufficiently alleged a due process claim because he alleged he was a pretrial detainee who was not separated from convicted detainees when security and space in the County permit separation. *See Jones v. Diamond*, 636 F.2d 1364, 1374, 1376 (5th Cir. 1981). We accordingly REVERSE and REMAND.

## I.

In Jones's original complaint he alleged he "was placed in Dallas [C]ounty jail in September of 2018 and released 6 months later." During that time, he "was treated no differently than inmates already convicted and that is a violation of due process." He also alleged that "Dallas County is in error by treating detainees awaiting trial the exact same way as convicted inmates." He alleged Dallas County violates his due process rights "by not separating inmates who are convicted and awaiting transfer to prison from inmates who are awaiting transfer." He again stated that he "was denied rights that an innocent person would have and treated the same as those already convicted." As a remedy, he asked that the County "allow[] separate facilities for those who are awaiting trial from those who are currently convicted."

The magistrate judge reviewed Jones's complaint and recommended the district court dismiss the complaint without prejudice. The magistrate judge concluded Jones did not plausibly allege a due process claim "because the Due Process Clause does not provide prisoners with a protected liberty interest in being housed in a particular facility." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) ("[A] prisoner has no liberty interest in being housed

in any particular facility."). The district court accepted and adopted this conclusion and dismissed Jones's complaint without prejudice.[1]

Jones filed several subsequent documents clarifying his allegations. He alleged "the [C]ounty has the facilities to separate inmates from detainees and also the means to ensure some separate but equal standard applies . . . ." In a motion to amend, Jones stated the "[C]ounty has over three facilities and refuses to organize better" to address the issue of "those awaiting trial and those already convicted [being] treated the same." He again stated: "The county jail clearly has the facilities to separate inmates who are awaiting transfer after a conviction from those who are awaiting trial." Jones explained and clarified that his due process claim was based on the County not "separat[ing] inmates who are awaiting trial" and that it was pursuant to a "custom." Jones also stated the County has the burden to ensure inmates are separated if they are not yet convicted, and that he was treated the same as convicted inmates "by being in the same housing."

The magistrate judge reviewed Jones's allegations again and recommended dismissing Jones's claims with prejudice for failure to cure the

---

[1] Jones also alleged equal protection and false imprisonment claims. The magistrate judge recommended dismissing these claims as well, which the district court agreed and dismissed. In a motion to amend, Jones raised a First Amendment claim. At that point, however, the district court had already granted Jones leave to file an amended complaint, and it dismissed this motion as moot. Neither the magistrate judge nor district court addressed this claim any further.

On appeal, Jones does not brief the dismissal of these other claims or the oversight of his First Amendment claim. He has therefore abandoned any argument regarding these additional claims. *See Berry v. Brady*, 192 F.3d 504, 506 n.2 (5th Cir. 1999) (declining to consider dismissal of claim not briefed on appeal and concluding it was abandoned); *see also Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Price v. Digital Equip. Corp.,* 846 F.2d 1026, 1028 (5th Cir. 1988) (citations omitted) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citations omitted)).

deficiencies identified in the original complaint. Jones filed objections in which he clarified his due process claim again.[2] The district court overruled these objections and dismissed Jones's complaint with prejudice.

Jones appeals the dismissal of his complaint.

## II.

Pursuant to § 1915(e)(2)(B) of the Prison Litigation Reform Act, a "court shall dismiss" a case taken in forma pauperis "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "[A] dismissal for failure to state a claim upon which relief may be granted is reviewed de novo." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). We will affirm a dismissal for failure to state a claim if "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford v. Dretke,* 562 F.3d 674, 678 (5th Cir.2009) (per curiam) (internal quotation marks and citation omitted).

Because Jones proceeds pro se, we liberally construe his pleadings at this stage. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks and citations omitted));

---

[2] In these objections, Jones requested that his case be transferred to another judge. He alleged both the magistrate judge and district court were biased and incompetent. Jones raises these concerns again on appeal. And while this issue is preserved, his allegations are based on his disagreement with adverse rulings which is not a basis for recusal or reassignment. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that a judge's adverse rulings, without more, does not show judicial bias); *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992) (finding the defendant's recusal arguments to be "foreclosed by the principle that adverse rulings in a case are not an adequate basis for demanding recusal"). We see no error on this issue and need not address it further.

No. 21-10617

*Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) ("[T]he [district] court was required to look beyond the inmates' formal complaint and to consider as amendments to the complaint those materials subsequently filed." (citation omitted)).

## III.

Jones has sufficiently alleged a due process claim based on the County's failure to separate pretrial detainees from convicted detainees. Pursuant to the Due Process Clause, a pretrial detainee may not be punished prior to an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). When a pretrial detainee complains of conditions or restrictions of detention, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* (footnote and citation omitted). "Absent an expressed intent to punish on the part of prison officials, [] a restriction [of pretrial detention] is valid if 'an alternative purpose to which (the restriction) may rationally be connected is assignable for it' unless 'it appears excessive in relation to the alternative purpose assigned (to it).'" *Jones v. Diamond*, 636 F.2d 1364, 1368–69 (5th Cir. 1981) (quoting *Wolfish*, 441 U.S. at 538), *overruled on other grounds*, *Int'l Woodworkers v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). In other words, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to punishment." *Id.* at 1369.

In *Jones v. Diamond*, this court held "[t]he confinement of pretrial detainees indiscriminately with convicted persons is unconstitutional unless such practice is reasonably related to the institution's interest in maintaining jail security . . . or physical facilities do not permit their separation." *Id.* at 1374 (internal quotation marks and citation omitted). "[P]retrial detainees have a due process right to be considered individually to the extent security and space requirements permit." *Id.* Because in *Diamond* pretrial detainees

5

and convicted persons "were confined together and treated alike[,]" the court concluded the "defendants [] failed to satisfy their constitutional duties." *Id.* at 1374. The court also directed the district court to grant the plaintiffs injunctive relief, specifically stating: "[T]he defendants [must] institute and operate a reasonable classification system for those confined," and "Pretrial detainees shall be classified and separated from convicted persons to the extent reasonably possible, except where detention in the same cell is required for institutional security." *Id.* at 1376; *cf. Pembroke v. Wood County*, 981 F.2d 225, 229 (5th Cir. 1993) (affirming finding of constitutional violation because "there was absolutely no classification system in place" to separate pretrial detainees and convicted detainees).

Here, Jones has adequately alleged a claim under *Diamond*. In his original complaint, Jones alleged he "was placed in Dallas [C]ounty jail in September of 2018 and released 6 months later." During that time, he "was treated no differently than inmates already convicted and that is a violation of due process." He also alleged that "Dallas County is in error by treating detainees awaiting trial the exact same way as convicted inmates." He went on to allege Dallas County violates due process "by not separating inmates who are convicted and awaiting transfer to prison from inmates who are awaiting transfer." He again stated that he "was denied rights that an innocent person would have and treated the same as those already convicted." As a remedy, he asked that the County "allow[] separate facilities for those who are awaiting trial from those who are currently convicted." His filings after his complaint was dismissed expand on this further.

Although Jones did not offer *Diamond* as the basis of his claim, he is entitled to less stringent standards at the pleading stage. *See Erickson*, 551 U.S. at 94. And under a liberal construction of his complaint and subsequent filings, he has made clear that his claim is brought under the due process

No. 21-10617

clause, that he, as a pretrial detainee, was not separated from convicted detainees, and that the remedy is to separate pretrial detainees from convicted detainees. He also alleges the County has the space and facilities to separate pretrial detainees from convicted detainees. These allegations are sufficient to allege a due process claim that withstands screening under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.

Jones plausibly alleged a due process claim. The district court erred in dismissing it. We REVERSE and REMAND for further proceedings consistent with this opinion, including granting Jones leave to file an amended complaint.[3]

---

[3] Importantly, because the magistrate judge concluded Jones had not plausibly alleged a constitutional violation, he only assumed without deciding that Jones sufficiently alleged the County's liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). We leave it to the magistrate judge and district court to decide this issue in the first instance. We note only that if Jones's allegations are deficient in this regard, Jones should be granted leave to amend his complaint because the district court's first dismissal did not put him on notice that his claim might have failed on *Monell* grounds.