**Donald Wayne CYIARK, Plaintiff,**

v.

**The CITY OF HOUSTON, Charles E. Kennedy, Wayne Hankins and E.T. Bice, Defendants.**

**Civ.A. No. H–94–3192.**

United States District Court, S.D. Texas, Houston Division.

Oct. 30, 1996.

David Joseph Guillory, Nacogdoches, TX, Catherine A. Mauzy, Barrett, Whitworth & Mauzy, Austin, TX, for Plaintiff.

Danita Roy Wiltz, Asst. City Atty., Houston, TX, Murray Edward Malakoff, Houston, TX, for Defendants.

## ORDER .

ATLAS, District Judge.

Pending before the Court are **Plaintiff Donald Wayne Cyiark's Motion for Attorneys' Fees and Expenses** [Doc. # 116], and **Defendant City of Houston's Amended Motion to Vacate the Court's Order Granting Injunctive Relief and Response to Plaintiff's . . . Motion for Attorney's [sic] Fees and Expenses** ("Motion to Vacate") [Doc. # 119].[1] Plaintiff and the City of Houston ("City") each strenuously oppose the relief sought by the opponent. Defendant Charles Kennedy has not filed any response to either motion.

## I. *INJUNCTIVE RELIEF*

■ In its Order of July 3, 1996 [Doc. # 115], the Court granted injunctive relief against Defendant City. However, neither the Court nor the jury found a constitutional or statutory violation by the City as to Plaintiff. Thus, there is no legal underpinning for the relief ordered as against these Defendants. *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Rizzo v. Goode,* 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976). There has been no finding by the jury or the Court, and indeed, no probative showing by Plaintiff that the City is liable to Plaintiff under any theory or that the City's conduct justifies a finding of discrimination as to Plaintiff.[2] The Court, upon consideration of the City's Motion to Vacate and the Plaintiff's opposition, as well as the applicable authorities, therefore concludes that it must vacate the injunctive relief against the City as improvidently granted.

■ The Court, however, continues to believe that some injunctive relief is warranted. Based on the evidence adduced at trial, if Defendant Kennedy were reassigned to the

---

1. The City of Houston's original Motion [Doc. # 117] for the same relief was superseded by this Amended Motion.

2. To the extent that the Court's Order of July 3, 1996, indicated any finding or conclusion to the contrary, the Court expressly disclaims any such intended inference or implication.

Houston Police Department's Mounted Patrol, there is a likelihood of irreparable injury and lack of an adequate remedy at law.[3] Kennedy's inflammatory and racially hostile comments to Plaintiff (repeated references to the Ku Klux Klan) and his physical assaults on Plaintiff on two occasions (the drawn gun and chokehold) establish that he is prone to engage in racially hostile or discriminatory conduct against Plaintiff in the future. Kennedy's denial of these incidents during trial was rejected by the jury in its finding of liability. The Court concurs, and credits Plaintiff Cyiark's explanations of the gun incident (1990) and the chokehold incident (1993). Kennedy demonstrated a lack of sensitivity to racial issues in his dealings with Plaintiff. Kennedy's demeanor during his testimony strongly confirms to this Court that the likelihood of repetition of this behavior—despite, and possibly as a result of, Plaintiff's success at trial against him—is sufficient that Kennedy should not work in the same location as Plaintiff in the future.

The Court's conclusion at the end of the trial, as part of its basis for remittitur, that the damages awarded were excessive in light of the timing of the conduct of which Plaintiff complained, is not inconsistent with this result. The considerations as to the necessity of an injunction are different. Although Plaintiff and Defendant Kennedy are both employees of the City, there is an imbalance of authority between police officers and civilian stable staff. Plaintiff's testimony and his demeanor support his contention that he genuinely and reasonably fears Defendant Kennedy will repeat the racially hostile conduct in the future. The Court concludes that Plaintiff has established that he inevitably will suffer from continual apprehension if

Defendant Kennedy works in the Mounted Patrol Unit and has opportunities to be alone with Plaintiff.

Moreover, if Kennedy were to engage in offensive conduct or make such comments, the availability of another lawsuit would be entirely inadequate relief. The extended delay inherent in litigation, the difficulty of finding counsel, and the likelihood of minuscule damages demonstrates that Plaintiff has no viable legal remedy.

The Court therefore concludes that there is a likelihood of irreparable injury and a lack of adequate remedy at law. Defendant Kennedy is enjoined from seeking a transfer or reassignment to the Mounted Patrol Unit. Kennedy is further enjoined from agreeing to a voluntary transfer or assignment to that Unit, if offered by the City or Police Department.[4]

## II. ATTORNEYS' FEES AND EXPENSES

Plaintiff seeks recovery of $54,994.50 in attorneys' fees for time spent by his three counsel, David J. Guillory, Catherine A. Mauzy, and Andrew Trusevich through trial.

### Attorneys' Fee Request

| Attorney | Rate | Hours [5] | Total |
| --- | --- | --- | --- |
| David Guillory | $170 | 178.6 | $30,362.00 |
| Catherine A. Mauzy | $150 | 122.55 [6] | $18,382.50 |
| Andrew Trusevich | $125 | 50 | $ 6,250.00 |

Plaintiff further seeks attorneys' fees of $10,000.00 if Defendants appeal and Plaintiff is successful. Finally, Plaintiff seeks reimbursement for Court costs and litigation expenses totaling $695.98. Only the City has

---

3. After the trial in this case, the City voluntarily reassigned Kennedy out of the Mounted Patrol Division and away from Plaintiff.

4. The standards articulated by the Supreme Court in *Lyons*, 461 U.S. at 105–07 & n. 8, 103 S.Ct. at 1666–68 & n. 8, and *Rizzo v. Goode*, 423 U.S. at 377, 96 S.Ct. at 607, are met in this case as to Defendant Kennedy.

5. Each of these attorneys actually spent more time than he or she is claiming in the fee application. In particular, Guillory spent 331.2 hours, Mauzy spend 156.7 hours, and Trusevich spent

72.5 hours. The requested time, rather than the actual time, is used to compute the fee award. If the total time spent by Plaintiff's counsel were computed at their billing rates, the fee request would total $ 88,871.50 ($ 56,304 for Guillory, $ 23,505 for Mauzy, and $ 9,062.50 for Trusevich).

6. Mauzy's affidavit and her itemized listing are inconsistent. Her affidavit states a claim for 146.4 hours, but the Court will rely upon the total in her itemized listing.

filed an opposition to Plaintiffs attorneys' fee request.

## A. *"Prevailing Party" Analysis.*

■ The Court holds that no fees may be recovered against the City. Plaintiff is not a "prevailing party" as to the City, since he did not effect a change in the legal relationship between himself and Defendant City. *TK's Video, Inc. v. Denton, County, Texas,* 24 F.3d 705, 711 (5th Cir.1994) (citing *Farrar v. Hobby,* 506 U.S. 103, 109–11, 113 S.Ct. 566, 572–73, 121 L.Ed.2d 494 (1992)).[7] Even under the authorities cited by Plaintiff, there is no legal basis to charge the City with attorneys' fees or expenses since Plaintiff ultimately has obtained no relief against it. *See and compare Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 790–92, 109 S.Ct. 1486, 1492–93, 103 L.Ed.2d 866 (1989); *Pembroke v. Wood County,* 981 F.2d 225, 230 (5th Cir.1993), *cert. denied,* 508 U.S. 973, 113 S.Ct. 2965, 125 L.Ed.2d 665 (1993). The City's decision to reassign Kennedy after the trial, though a wise personnel decision in the Court's opinion, was "wholly gratuitous." *Pembroke,* 981 F.2d at 230.

The Court concludes that the law does not allow a finding (and it would be bad public policy to find) that Plaintiff was a prevailing party as to the City solely on the basis of this voluntary act by the City. However, Plaintiff clearly is a prevailing party as to Defendant Kennedy and Plaintiff is entitled to recovery of fees and expenses from him. 42 U.S.C. § 1988.

## B. *Propriety of the Fees Requested.*

Defendant Kennedy has filed no opposition to the fees and expenses sought by Plaintiff's

counsel. The only objection on file is that of the City, primarily on the ground that the fees should not be assessed against it, and secondarily based on the fact that Plaintiff prevailed on only one of his many claims and prevailed as against only one Defendant.

Under the Fifth Circuit's recent analysis of the process for analyzing attorneys' fees requests, the district court must undertake a two-step procedure.

> Initially the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. Determinations of hours and rates are questions of fact....
>
> ... Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant ... should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."
>
> ... Accordingly, the documentation must be sufficient for the court to verify that the applicant has met its burden.... Failing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours.

*Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324–25 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995) (citations omitted).[8] The

7. The Court is aware that attorney's fees are not necessarily automatic for prevailing parties, because "[i]n some circumstances, even a plaintiff who formally 'prevails'...should receive no attorney's fees at all." *Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992) (holding that a nominal damage award in § 1983 suit that sought $17 million would not support award of attorneys' fees).

8. The Fifth Circuit in *Louisiana Power* reduced certain attorneys' fees by 10% for inadequate documentation and refused to permit compensation as to another attorney. *Louisiana Power,* 50 F.3d at 326. However, the Court recognized that

even though other entries before it "border[ed] on inadequacy as a matter of law," the court was "mindful that practical considerations of daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour." The Court also recognized that, "in this era of computerized time-keeping, many data processing programs limit the amount of input for any given hourly or daily entry." *Id.* at 327. Nevertheless, the Court added that "attorneys who anticipate applying for reimbursement of fees should endeavor to be less terse." *Id.*

adjustment of the lodestar involves assessment of a dozen factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974):

1. The time and labor required;

2. The novelty and difficulty of the questions presented;

3. The skill requisite to properly perform the legal services;

4. Preclusion of other employment by the attorney due to acceptance of the case;

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client;

8. The amount involved and the results obtained;

9. The expertise, reputation and ability of attorneys;

10. The undesirability of the case;

11. The nature and length of the professional relationship with the client;

12. Awards in similar cases.

*Id.* at 329.

The two-step analysis and consideration of the twelve *Johnson* factors follows.

■ *Time and Labor Required and Results Obtained.*—The Court finds, after a close review of the affidavits and time records submitted by counsel Guillory and Mauzy, that the total time and labor reported for which compensation is sought was justified and reasonable in light of the claims asserted in this case—*before* accounting for the results obtained. Each of these attorneys voluntarily reduced their fee request to avoid or minimize their applications for fees for duplicative services or clerical tasks. Except for their dual attendance at trial, the Court can identify very little overlap of duties assigned to respective counsel or of the services actually performed. *See E.E.O.C. v. Clear Lake Dodge,* 60 F.3d 1146, 1154 (5th Cir.1995)

($ 132,926.25 sought for 868 hours of work performed by private counsel held to be excessive because counsel from the E.E.O.C. had already instituted suit for same claims on behalf of Plaintiff, and private counsel's services were largely unnecessary). Since the three Defendants each had counsel present, and the City itself often relied on the services of two attorneys in Court, the duplication of in-court time by two of Plaintiffs counsel was more than justified. The Court finds generally that the time and labor for which compensation is sought by Guillory and Mauzy is reasonable, if not low, in comparison to other fee applications of which this Court is aware, given the many civil rights claims asserted by Plaintiff in this case.

It is generally agreed, however, that the fees awarded must bear a reasonable relationship to the level of success obtained in the litigation against a defendant against whom the plaintiff prevailed. *Farrar,* 113 S.Ct. at 575, 506 U.S. at 114–16; *Johnson v. Eaton,* 80 F.3d 148, 152 (5th Cir.1996); *Louisiana Power,* 50 F.3d at 331; *TK's Video,* 24 F.3d at 712; *Heath v. Brown,* 807 F.2d 1229, 1232, 1234 & n. 8 (5th Cir.1987). In other words, the Court must consider the relationship between the extent of the success and the amount of the fee award and " 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended in the litigation'." *City of Riverside v. Rivera,* 477 U.S. 561, 569, 106 S.Ct. 2686, 2691, 91 L.Ed.2d 466 (1986) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)).

The Court finds that an award of the full amount of Plaintiff's attorneys' fees request is not reasonable or justified. In particular, as pointed out by the City, the limited results obtained by Plaintiff cannot be ignored in determining a reasonable attorneys' fee.[9]

---

**9.** Plaintiff asserted the following claims: deprivation of his rights to equal protection, liberty, bodily integrity and free speech pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments; conspiracy to deprive him of constitutional rights pursuant to 42 U.S.C. §§ 1985, 1986; racial discrimination pursuant to 42 U.S.C. § 1981; and intentional infliction of emo-

tional distress. Pursuant to Rule 50 of the Federal Rules of Civil Procedure, the Court dismissed many of the claims against most of the Defendants as not supported by the law or the evidence. Some dismissals were made prior to trial, some during trial, and some after the verdict. In addition, the jury did not find Defendants liable on many of Plaintiff's claims. *See*

Plaintiff may recover for time spent on claims against multiple parties when they share a "common core of facts" or "related legal theories." *Louisiana Power*, 50 F.3d at 327. A prevailing litigant may not, however, recover for hours devoted solely to claims against other parties. *Id.* (citing *Hensley*, 461 U.S. at 434–35, 103 S.Ct. at 1930–40). The rejection of many of Plaintiff's arguments by the Court and the jury therefore complicates the determination of proper attorneys' fees in this case.

On the one hand, this case clearly required a trial and Plaintiff succeeded on his basic claim against Defendant Kennedy individually. The underlying facts on which all the claims against the individuals were based were the same: two incidents in which Kennedy accosted Plaintiff. There was a serious statute of limitations issue which the jury decided in Plaintiff's favor. Thus, discovery to develop these facts fully clearly was necessary despite the jury's finding of no liability as to Kennedy on some of the claims. Also, most of the work to develop the facts and prepare for trial as to Plaintiff's claims against Kennedy's supervisors, Bice and Hankins, was substantially intertwined with the work needed to develop the case against Kennedy.[10] Finally, the result Plaintiff has obtained against Kennedy is significant. The award of $20,000 in punitive damages and injunctive relief forever will alter the relationship between Plaintiff and Kennedy. The fact that a civilian (non-uniformed officer) stood up to police misconduct and made it known sets an important example and precedent. Therefore, the Court holds that Plaintiff's request for fees by counsel Guillory and Mauzy, to the extent the time was spent on work prosecuting the claim against Kennedy, are fully recoverable. Similarly, the fees for legal research performed by Trusevich are recoverable.[11]

Plaintiff's counsel's work as to claims against the City, however, must be viewed in a different light. Plaintiff's legal theories for his claims against the City largely were claims of unconstitutional policies, customs or practices by the municipality. However, these issues did not significantly lengthen the time in trial, because most of the facts adduced at the trial were closely related to issues against Kennedy. Also, in order to make many rulings, it was necessary for the Court to hear the witnesses and receive other evidence from the parties.

■ After considering all the evidence on the fees sought, the evidence adduced at trial, and the legal theories that were asserted and that prevailed, as well as the Court's assessment of the excellent efficiency with which the attorneys litigated this case, the Court estimates that the trial was lengthened approximately 33% (at most) by Plaintiff's litigation of the unsuccessful claims.

■ As to pretrial matters and the related attorneys' fee requests,[12] the fee application affidavits and the accompanying time entries do not clearly identify the legal issues or claims that were the subject of factual or legal research, drafting, revisions, or witness preparation on any given day or as to any itemized entry. Thus, the Court cannot determine with any precision from this record the lawyer hours that were reasonably necessary to have prosecuted this case adequately so as to reach the result achieved against Defendant Kennedy. However, Plaintiff was successful in defeating all Defendants' motions for summary judgment, apparently conducted minimal and only absolutely necessary discovery for which compensation is

---

Appendix to this Order (reproducing the special interrogatories and jury's responses). Ultimately, after the jury's verdict and the Court's rulings, Plaintiff succeeded only on his Section 1983 claim against Defendant Kennedy for violation of his right to bodily integrity.

**10.** The detailed analysis of Bice and Hankins' personnel records is the primary exception.

**11.** Plaintiff seeks compensation for only 12.5 hours of Trusevich's time in this regard.

**12.** There is a minimal amount of post-trial time for which compensation is sought. The time sought by Mauzy (0.5 hour) relates to the requested injunctive relief and is compensable. The time sought by Guillory relates to the preparation of the fee application (5.2 hours), which is also reasonable in the Court's opinion. *See Louisiana Power*, 50 F.3d at 336. These sums will be included in the total award.

sought, and largely responded only to the Court's pretrial and docket control deadlines. The only obviously unproductive time was spent seeking and obtaining leave to withdraw "deemed admissions," and time spent seeking detailed written discovery from Kennedy's supervisors and the City. The Court notes that Defendants sought repeatedly and unsuccessfully to stay discovery during the pendency of the motions for summary judgment and the interlocutory appeal the supervisor Defendants took to the Fifth Circuit.

The Court's review of the attorney's itemizations of their time reveals that, at most, 40% of the time spent on pretrial matters was unrelated to the issues and discovery necessary to obtain proof and prepare for trial against Kennedy. Therefore the Court holds that 60% of the pretrial time is compensable as sufficiently related to a claim on which Plaintiff prevailed.

However, as noted above, there is no itemization in the fee application of the attorneys' time as to the issues on which they worked. In the exercise of the Court's discretion and in an effort to be conservative in favor of Defendant, the Court deems a further 10% reduction for inadequate documentation of the hours and fees requested for the pretrial period to be appropriate as to all attorneys' time. *See Louisiana Power*, 50 F.3d at 326.

Therefore, the compensable hours for each attorney are set forth below:

### Compensable Hours

| Attorney | Phase of Case | No. of Hours Requested | Compensable Hours |
|---|---|---|---|
| Catherine Mauzy | Pretrial Proceedings | 59.25 | 29.63(50%) |
| | Trial | 63.0 | 42.2 (67%) |
| | Post Trial Matters | 0.5 | 0.5 (100%) |
| David Guillory | Pretrial Proceedings | 133.3 | 66.65(50%) |
| | Trial | 40.4 | 27.1 (67%) |
| | Post Trial Matters | 5.2 | 5.2 (100%) |
| Andrew Trusevich | Pretrial Proceedings | 0 | 0 |
| | Trial | 12.5 [13] | 12.5 |
| | Post Trial Matters | 0 | 0 |

*Novelty and Complexity of the Issues.*— There was some novelty as to the legal issues in this case, particularly as to the claim of violation of the right to bodily integrity, an emerging doctrine. In addition, there was an interlocutory appeal and a statute of limitations issue, which are not frequently encountered in the "run-of-the-mill" civil rights case. Furthermore, the number of parties and the interrelationship of the civil rights laws, First and Fifth Amendment issues, and immunity doctrines made this case unusual. Some indication of the complexity is that the docket sheet contains 123 entries and is eighteen pages in length, while the Plaintiff's proposed instructions submitted to the Court were 91 pages in length. *See supra* note 9 (listing claims).

*Skill Required.*—This case required significant skills to litigate. The individual Defendants and the City mounted substantial defenses, which were unsuccessful until the time of trial. There also were numerous claims involved. The interrelationship of the civil rights laws, constitutional issues, and immunity doctrines required attorneys with employment and civil rights experience. Because of the sensitivity of the claims to the individual and municipal Defendants, and because Plaintiff apparently was intimidated by the legal process,[14] additional skill on the part of the attorneys was required.

---

13. Only legal research time was compensated for Mr. Trusevich.

14. For example, Plaintiff was absent, without explanation, on the second and third days of trial.

■ *Customary Fee Rate and Experience, Reputation, and Ability of the Attorneys.*—In the Court's experience, the rates of compensation sought by Guillory at $170 per hour and Mauzy at $150 per hour are reasonable in light of both the rates customary in the practice area of employment generally, and in the Houston community in particular for employment litigation. *See Louisiana Power*, 50 F.3d at 328. Additionally, Trusevich's rate of $125 appears customary in the Houston market for an associate at his level of experience. In any event, there is no objection to these attorneys' rates and thus they are presumptively reasonable.

As to the attorneys' ability and experience, Guillory listed among his litigation experience several federal civil rights cases. Mauzy's affidavit established her extensive trial experience. Both demonstrated while in court that they were more than competent trial lawyers. Thus, Guillory and Mauzy clearly possessed the necessary skills to properly render the legal services necessary for this case.

While this might suggest that there was little or no need for the assistance of Trusevich, he worked at a lower billing rate of $125 per hour. It was appropriate for Plaintiff's team to include an "associate" level attorney. The Court finds that there was a need for detailed legal research to respond to many arguments being made during the trial by Defense counsel and on issues raised by the Court. To the extent Trusevich's time was devoted to research, the record establishes that the work was not duplicative and justifies compensation.

*Contingency Nature of Compensation and Undesirability of the Case.*—The requested rates also are justified because the case was taken on a contingency basis, with no guarantee of success. The case was somewhat undesirable since the Defendants had various immunity defenses and Plaintiff was not able to claim out-of-pocket damages or material amounts of back pay.

*Refusal of Other Work, Time Constraints, Type of Attorney–Client Relationship, and Types of Awards in Other Cases.*—These factors do not enhance Plaintiff's entitlement to an award of attorneys fees. There was no indication that work on this case caused Plaintiff's counsel to have to refuse other work, that the client or the case posed unusual time constraints, or that there was anything unusual about the attorney-client relationship.

### 3. Conclusion as to Attorneys' Fees and Costs

Therefore, after consideration of the *Johnson* factors, the Court concludes that the following compensation is appropriate:

#### Total Lodestar Compensation

| Attorney and Rate | Phase of Trial | Compensable Hours | Total Compensation |
|---|---|---|---|
| Catherine Mauzy | Pretrial Proceedings | 29.63 | $ 4,444.50 |
| Rate: $150 | Trial | 42.2 | $ 6,330.00 |
| | Post–Trial Matters | 0.5 | $75.00 |
| | **Totals** | 72.33 | $10,849.50 |
| David Guillory | Pretrial Proceedings | 66.65 | $11,330.50 |
| Rate: $170 | Trial | 27.1 | $ 4,607.00 |
| | Post–Trial Matters | 5.2 | $884.00 |
| | **Totals** | 98.95 | $16,821.50 |
| Andrew Trusevich | Pretrial Proceedings | 0 | 0 |
| Rate: $125 | Trial | 12.5 | $ 1,562.50 |
| | Post–Trial Matters | 0 | 0 |
| | **Totals** | 12.5 | $1,562.50 |

Plaintiff's request for attorneys' fees in the event Defendant appeals the judgment is premature under the circumstances of this

case. Such fees must be determined after completion of the appeal.

Finally, Plaintiff's request for costs totaling $695.98 is granted in full.

## III. CONCLUSION

It is therefore **ORDERED** that Defendant City of Houston's Motion to Vacate the Entry of Injunctive Relief is hereby **GRANTED**. It is further

**ORDERED** that Defendant Kennedy is enjoined from seeking a transfer or reassignment to the Mounted Patrol Unit. Kennedy is further enjoined from agreeing to a voluntary transfer or assignment to that Unit, if offered by the City or Police Department. It is further

**ORDERED** that **Plaintiff's Motion for Attorneys' Fees and Expenses** [Doc. # 116] is **GRANTED IN PART.** Plaintiff is awarded $29,233.50 in attorneys' fees and $695.98 in expenses as against Defendant Kennedy.

### *APPENDIX TO ORDER GRANTING ATTORNEYS' FEES*

### *VERDICT FORM AND ANSWERS*

### *QUESTION NO. 1*

Do you find from a preponderance of the evidence that the alleged incident at the Galveston Mardi Gras happened in 1992?

Answer "yes" or "no":      **NO**

### *QUESTION NO. 2*

Do you find, from a preponderance of the evidence, that Defendants violated Plaintiff's rights under Section 1981

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | **NO** |
| Edgar Bice | **YES** |
| Wayne Hankins | **NO** |
| City of Houston | **NO** |

**If you answered "yes" to Question No. 2 as to any of the Defendants, then answer Question No. 3 as to those Defendants only. If you answered "no" to Question No. 2 as to any of the Defendants, then do not answer Questions No. 3, 4, 5, or 6 as to that Defendant.**

### *QUESTION NO. 3*

Have the Defendants proved, more likely than not, that the Defendant would have made the same employment decisions concerning Plaintiff even if unlawful motive, namely Plaintiff's race, was not present?

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | — |
| Edgar Bice | **NO** |
| Wayne Hankins | — |
| City of Houston | — |

**If you answered "no" to Question No. 3 as to Defendants Kennedy, Bice, or Hankins, then answer Questions No. 4 as to that Defendant. If you answered "no" as to Defendant City of Houston, then skip over Question No. 4 and answer Question No. 5 as to that Defendant.**

**If you answered "Yes" to Question No. 3 as to any of the Defendants, then do not answer Questions No. 4, 5 or 6 as to that Defendant.**

### *QUESTION NO. 4*

Do you find from a preponderance of the evidence that a reasonable police officer could have believed that the Defendant's conduct toward Plaintiff did not violate Plaintiff's rights under Section 1981, based upon the law as it existed at the time and the factual information that was known to the Defendant at the time?

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | — |
| Edgar Bice | **NO** |
| Wayne Hankins | — |

**If you answered "no" to Question No. 4 as to any of the Defendants, then answer Questions No. 5 and 6 as to those Defendants only. If you answered "yes" to Question No. 4 as to any of the Defendants, then do not answer Questions No. 5 and 6 as to those Defendants.**

### *QUESTION NO. 5*

What sum of money, if any, if paid now in cash, do you find from the preponderance of

the evidence would fairly and reasonably compensate Plaintiff for his damages, if any, suffered as a result of one or more of the Defendant's violation of Section 1981 ?

Answer in dollars and cents, if any, as to each of the following:

| | |
|---|---|
| Charles Kennedy | — |
| Edgar Bite | $1.00 |
| Wayne Hankins | — |
| City of Houston | — |

### QUESTION NO. 6

What amount of punitive damages, if any, is Plaintiff entitled to as punishment and as a deterrent to others for the violation of Section 1981 by the Defendant(s)?

Answer in dollars and cents, if any, as to each Defendant:

| | |
|---|---|
| Charles Kennedy | — |
| Edgar Bice | $20,000 |
| Wayne Hankins | — |

### QUESTION NO. 7

Do you find, from a preponderance of the evidence, that Defendants deprived Plaintiff of his substantive due process right to bodily integrity?

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | YES |
| Wayne Hankins | NO |

**If you answered "yes" as to either Defendant in Question No. 7, then answer Question No. 8 as to that Defendant. If you answered "no" as to either Defendant in Question No. 7, then do not answer Questions No. 8, 9 or 10 as to that Defendant.**

### QUESTION NO. 8

Do you find from a preponderance of the evidence that a reasonable police officer could have believed that the Defendant's conduct toward Plaintiff did not violate Plaintiff's substantive due process right to bodily integrity, based upon the law as it existed at the time and the factual information that was known to the Defendant at the time?

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | NO |
| Wayne Hankins | — |

**If you answered "no" to Question No. 8 as to either Defendant, then answer Questions No. 9 and 10 as to that Defendant. If you answered "yes" to Question No. 8 as to either Defendant, then do not answer Questions 9 and 10 as to that Defendant.**

### QUESTION NO. 9

What sum of money, if any, if paid now in cash, do you find from the preponderance of the evidence would fairly and reasonably compensate Plaintiff for his damages, if any, suffered as a result of one or more of the Defendant's deprivation of Plaintiff's substantive due process right to his bodily integrity?

Answer in dollars and cents, if any, as to each of the following:

| | |
|---|---|
| Charles Kennedy | $1.00 |
| Wayne Hankins | — |

### QUESTION NO. 10

What amount of punitive damages, if any, is Plaintiff entitled to as punishment and as a deterrent to others for the wrongful interference with his substantive due process right to bodily integrity?

Answer in dollars and cents, if any, as to each Defendant:

| | |
|---|---|
| Charles Kennedy | $40,000 |
| Wayne Hankins | — |

### QUESTION NO. 11

Do you find, from a preponderance of the evidence, that one or more of the Defendants intentionally deprived Plaintiff of his right to equal protection of the laws through race discrimination?

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | YES |
| Edgar Bice | YES |
| Wayne Hankins | NO |

**If you answered "yes" as to any Defendant in Question No. 11, then answer Question No. 12 as to that Defendant. If you answered "no" as to any Defendant in**

Question No. 11, then do not answer Questions No. 12, 13, or 14 as to that Defendant.

### QUESTION NO. 12

Do you find from a preponderance of the evidence that a reasonable police officer could have believed that the Defendant's conduct toward Plaintiff did not violate Plaintiff's right to equal protection of the laws, based upon the law as it existed at the time and the factual information that was known to the Defendant at the time?

Answer "yes" or "no" as to each of the following:

| | |
|---|---|
| Charles Kennedy | NO |
| Edgar Bice | NO |
| Wayne Hankins | — |

If you answered "no" to Question No. 12 as to any of the Defendants, then answer Questions No. 13 and 14 as to that Defendant. If you answered "yes" to Question No. 12 as to any of the Defendants, then do not answer Questions No. 13 and 14 as to that Defendant.

### QUESTION NO. 13

What sum of money, if any, if paid now in cash, do you find from the preponderance of the evidence would fairly and reasonably compensate Plaintiff for his damages, if any, suffered as a result of Defendants' deprivation of Plaintiff's right to equal protection under the Fourteenth Amendment?

Answer in dollars and cents, if any, as to each of the following:

| | |
|---|---|
| Charles Kennedy | $1.00 |
| Edgar Bice | $1.00 |
| Wayne Hankins | — |

### QUESTION NO. 14

What amount of punitive damages, if any, is Plaintiff entitled to as punishment and as a deterrent to others for the denial of equal protection of laws based on Plaintiff's race?

Answer in dollars and cents, if any, as to each Defendant:

| | |
|---|---|
| Charles Kennedy | $20,000 |
| Wayne Hankins | — |
| Edgar Bice | $20,000 |

### QUESTION NO. 15

State the total amount of punitive damages you intend to award Plaintiff from Edgar Bice.

$40,000